IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

KAI V. SEBADE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JENNIFER KAI, APPELLEE,
V.
ANDREW SEBADE, APPELLANT.

Filed December 17, 2013.    No. A-13-329.

Appeal from the District Court for Thurston County: JOHN E. SAMSON, Judge. Affirmed.

Eric A. Gerrard, of Bartle & Geier, and Stuart B. Mills for appellant.

Michael J. Tasset, of Johnson & Mock, for appellee.

INBODY, Chief Judge, and MOORE and RIEDMANN, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Andrew Sebade appeals from the order of the district court for Thurston County awarding primary physical custody of the parties' minor child to Jennifer Kai. Sebade argues that in analyzing the child's best interests, the court weighed Sebade's criminal record excessively and failed to properly weigh the fact that Kai is a habitual cigarette smoker. Finding no abuse of discretion by the district court, we affirm.

## BACKGROUND

The parties, who never married, are the biological parents of one child, a son born in January 2009. From the time their son was born, both parents were involved in his life even though their romantic relationship had ended. In July 2009, Kai filed a complaint to establish paternity, custody, parenting time, and child support. The court entered a temporary order granting Kai temporary full custody of the child subject to Sebade's parenting time every other weekend and 1 or 2 days during the week.

- 1 -

In July 2011, however, Kai and Sebade informally changed the arrangement so that each parent had the child for 1 week at a time because Kai had moved from Emerson, Nebraska, to Omaha, Nebraska, and the distance made the prior arrangement difficult. This weekly arrangement worked well for the parties at the time. But by the time trial was held in March 2013, the parties were each seeking primary physical custody, because the child would soon begin attending school and they wanted a more consistent schedule for him. They agreed to share legal custody.

At the time of trial, Kai was 28 years old, living in a two-bedroom apartment in Omaha, and working part time as a certified nursing assistant while attending school full time to pursue a degree in psychology. In addition to the child at issue here, Kai is the mother of a 6-year-old daughter who also lives with her full time. Kai testified that her two children are "inseparable" and always doing things together.

Kai is a cigarette smoker but claimed that she was trying to quit. She testified that she does not smoke in front of her children or in her house and that she only smokes in her car when the children are not present. The parties' child suffers from medical issues, which require nebulizer treatments for his breathing. The condition and its cause have not yet been determined, but Kai was planning to take him to see a specialist the week after trial. Sebade testified that when he picks up the child for his parenting time, the child smells like cigarette smoke and coughs frequently. After spending a few days at Sebade's house, however, the child is "good and cleared up," according to Sebade.

At the time of trial, Sebade was 26 years old, living in his own home in Emerson, and working for his father's feedlot. Sebade's criminal history includes three convictions for minor in possession of alcohol and two convictions for driving under the influence. He also has two convictions for third degree assault and had a third charge dismissed after completing a diversion program. Sebade's record also contains convictions for reckless driving and criminal mischief. Sebade has not had any convictions since his son was born, and he denied having an issue with alcohol abuse at the time of trial but stated that he did have a problem when he was in college. He testified that he still drinks alcohol on occasion but never when his son is around.

Both parties testified that they are able to communicate well and share information pertaining to their son. Although each party was seeking primary physical custody of their child, neither party believes that the other parent is unfit.

After trial, the district court entered an order dated March 28, 2013, awarding primary physical custody of the child to Kai. In a lengthy, detailed order, the district court analyzed a number of factors in reaching this decision. When considering the emotional, physical, and developmental needs of the child, the court found that both parties are fit, caring, and loving parents, but that they both have contributed to instability in their child's life. The court expressed concern over Sebade's "fairly extensive criminal record" and determined that based on Sebade's history of alcohol abuse and alcohol-related convictions over a number of years, his ability to refrain from alcohol consumption around the child was somewhat suspect. The court found that this factor weighed in favor of awarding physical custody to Kai.

When considering the general health, welfare, and social behavior of the child, the court found that Sebade was appropriately concerned about Kai's smoking, particularly in light of the child's medical issue which could be negatively impacted by secondary smoke. The court noted

that Kai had been unwilling or unable to stop smoking, but she did indicate at trial that she was attempting to quit the habit and that she does not smoke in the house and only in the car when her children are not present. Regardless, the court noted that the effects of secondary smoke are sufficient that the child's clothing and body smell of smoke. However, the court iterated that Sebade's criminal history was a concern given the fact that Sebade had not given up the use of alcohol. Sebade's inability to remember many of the facts leading up to several of his convictions was also a concern to the district court. As such, the court determined that this factor weighed equally between the parents. Otherwise, the court generally found that both parents had close family members, could provide good living conditions and educational opportunities, and had a strong bond with the child. Sebade now appeals to this court.

## ASSIGNMENT OF ERROR

Sebade assigns that the district court erred in granting primary physical custody to Kai.

## STANDARD OF REVIEW

In a filiation proceeding, questions concerning child custody determinations are reviewed on appeal de novo on the record to determine whether there has been an abuse of discretion by the trial court, whose judgment will be upheld in the absence of an abuse of discretion. *Citta v. Facka*, 19 Neb. App. 736, 812 N.W.2d 917 (2012). In such de novo review, when the evidence is in conflict, the appellate court considers, and may give weight to, the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. *Id*.

## ANALYSIS

Sebade argues that the district court abused its discretion in awarding primary physical custody of the child to Kai. He specifically claims that the court weighed his criminal history and alcohol use too heavily and did not appropriately weigh the child's health as it relates to Kai's smoking.

While an unwed mother is initially entitled to automatic custody of the child, the issue must ultimately be resolved on the basis of the fitness of the parents and the best interests of the child. *Id*. When deciding custody issues, the court's paramount concern is the child's best interests. *Id*. Neb. Rev. Stat. § 43-2923(6) (Cum. Supp. 2012) provides:

> In determining custody and parenting arrangements, the court shall consider the best interests of the minor child, which shall include, but not be limited to, consideration of . . . :
>> (a) The relationship of the minor child to each parent prior to the commencement of the action or any subsequent hearing;
>> (b) The desires and wishes of the minor child, if of an age of comprehension but regardless of chronological age, when such desires and wishes are based on sound reasoning;
>> (c) The general health, welfare, and social behavior of the minor child;
>> (d) Credible evidence of abuse inflicted on any family or household member[;] and

(e) Credible evidence of child abuse or neglect or domestic intimate partner abuse.

In this case, Kai and Sebade are both fit parents who love their child and have established a bond with him. Both parents have suitable employment and living arrangements and would be able to provide good educational opportunities for the child. One consideration weighing in favor of awarding custody of the child to Kai is the child's very close relationship with his half sister, which, as the district court noted, would be strained if Sebade was granted custody.

Sebade's criminal history is fairly extensive. While we recognize that it has been several years since his last conviction, his criminal record is concerning, particularly in light of his age and the types of crimes he committed. Sebade claims that he no longer has a problem with alcohol, but he also admitted that no alcohol was involved in his assault offenses. Thus, the evidence supports the district court's observation that it appears that Sebade "has experienced anger control issues in addition to the alcohol issues." Although the trial court did not specifically mention the timing of Sebade's convictions in its order, the judge did make note of it at the conclusion of the trial when he stated, "Sir, I'm concerned about your criminal background obviously and the alcohol. And I realize you haven't had any convictions for a while, but I'm being straight with you. I'm not lecturing, I'm just telling you things I have to weigh and balance . . . ."

Kai's tobacco use is also concerning, especially in light of the child's medical issues. However, the record indicates that she is appropriately attending to the child's medical needs by seeking medical care for him and administering his nebulizer treatments. The district court noted that Kai indicated at trial that she was attempting to quit smoking and does not smoke in the house and only in the car when the children are not present. Under our standard of review, we consider and give weight to the fact that the trial court heard and observed Kai's testimony.

Based upon our de novo review of the record, we find that the district court considered the appropriate factors and there is evidence to support the court's conclusion that awarding primary physical custody of the child to Kai is in the child's best interests. We therefore cannot find that the court abused its discretion, and we affirm.

CONCLUSION

For the foregoing reasons, we conclude that awarding primary physical custody of the parties' minor child to Kai was not an abuse of discretion. Accordingly, we affirm the district court's decision.

AFFIRMED.